## BRYANT v. MORRISON.

An attachment upon a writ against a mortgagor, of the lands mortgaged, is effectual to hold the mortgagor's equity of redemption.

A demand upon the mortgagee for an account, under oath, of the amount due him, may be made by the officer serving the writ in such case, within thirty days after the rendition of judgment for the attaching creditor; and such demand is not rendered ineffectual by the commencement of a levy on the premises by the officer on the day of the demand, where such levy is not completed until more than fifteen days afterward.

Where the officer making such an attachment, within thirty days after the rendition of judgment in favor of the attaching creditor, made a demand for such account upon the mortgagee, and on the same day commenced an extent upon the mortgaged premises, which was completed before the return day of the execution, but not until more than fifteen days after such demand, and no such account was rendered within fifteen days after the demand; — *Held*, that under the provisions of the statute (Rev. Stat., ch. 184, sec. 7) the interest of the mortgagee in the land, as against the rights acquired under the attachment, ceased.

In case of an attachment of real estate, situated in this State and subject to a mortgage, the provisions of our statutes in reference to such account by the mortgagee are not rendered inapplicable by the mere fact that the mortgagee who claims the real estate by virtue of a mortgage executed subsequently to the enactment of those provisions, resides in Massachusetts.

Where a demand upon the mortgagee for such account describes the premises correctly, and with sufficient certainty, the mere fact that it does not make use of the terms of description contained in the mortgage furnishes no valid objection to the demand.

WRIT OF ENTRY. The demanded premises were situate in Salem, in the county of Rockingham. Both parties claim title under Hiram K. Bryant. The plaintiff claimed title by virtue of a mortgage from said H. K. Bryant to J. J. Bryant, dated March 8, 1847, and assigned by the latter to the plaintiff December 22, 1858. The plaintiff at the time of the assignment was and ever since has been a resident of Massachusetts. The demanded premises are a part of those described in the mortgage. The defendant derives her title as follows: On the 9th day of August, 1858, Isaac Thom, a deputy sheriff for said county, attached the mortgaged premises as the property of said H. K. Bryant, on a writ in favor of the defendant against him, and the action was entered in court and duly continued until the April term of this court, 1860, when she recovered judgment against said H. K. Bryant for damages and costs. On the 22d of May, 1860, said Thom, the officer who served the original writ in the action Morrison v. Bryant, made a demand on the plaintiff at Boston for an account. The land described in the demand is the same land described in the mortgage, although described in different terms. No account was rendered within fifteen days after the demand. On the 22d day of May, 1860, and within thirty days from the rendition of judgment in said action, a levy was commenced by said deputy sheriff, which was completed July 14, 1860, and the demanded premises were set off to the defendant on the execution, and possession thereof given to the defendant by the officer. The execution and return were duly recorded. Copies of the mortgage, assignment and demand were made part of the case. It was agreed that if the court should hold the demand for an account

sufficient, judgment should be rendered for the defendant; otherwise the cause should stand for trial by the jury.

*Wiggins*, and *Towle*, for the plaintiff.

*G. C. Bartlett*, for the defendant.

BARTLETT, J.  Hiram K. Bryant's equity of redemption was held by the attachment of the premises (Rev. Stat., ch. 184, sec. 5; *Eastman* v. *Knight*, 36 N. H. 586); and when the demand was made by the officer this attachment was subsisting, for thirty days from the rendition of judgment had not expired (Rev. Stat., ch. 184, sec. 33); and though a levy was commenced on the day the demand was made, it was not completed until more than fifteen days afterward. The extent upon the land would have been good to pass the mortgagor's title; *Kelly* v. *Burnham*, 9 N. H. 22; *Hovey* v. *Bartlett*, 34 N. H. 278; but here, no account having been rendered by the plaintiff within fifteen days after the demand, his interest in the premises ceased as against the attachment, and the rights acquired under it (Rev. Stat., ch. 184, sec. 7; Laws of 1845, ch. 233); and the execution could properly be extended upon the land.  The law of this State must govern the title to this land.  Story Conf. Laws, sec. 424; 2 Kent 429.  If the plaintiff chose to take the mortgage, he must take it subject to these provisions of our statutes, which were at the time of the execution of the mortgage and still are in force. We need not inquire what would be the effect of a demand made upon a mortgagee resident out of this State, in a case where it would be impossible for him, by reason of his residence, to render an account within the fifteen days, if such a case can exist; for here the mortgagee resided in Massachusetts, and there appears no peculiar difficulty, certainly no impossibility, arising from this fact, to prevent his compliance with the statute.  The description of the land in the demand is admitted to be correct, and it is sufficiently certain, and we think it is not objectionable merely because it does not make use of the terms of description contained in the mortgage.  See *Couch* v. *Stevens*, 37 N. H. 175.  According to the provisions of the case, there must be

*Judgment for the defendant.*